UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Xavier Maratre<br>8101 S. Houston<br>Chicago, IL 60617<br><br>    Plaintiff,<br><br>v.<br><br>Advanced Credit Recovery, Inc.<br>c/o National Registered Agents, Inc.<br>200 West Adams St.<br>Chicago, IL 60606<br><br>    Defendant. | Case No.:<br><br>Judge:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

### JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

### FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around April 16, 2009, Plaintiff retained an attorney to file bankruptcy.

8. In or around May 2009, Defendant telephoned Plaintiff on numerous occasions in an effort to collect the debt.

9. During several of these communications, Plaintiff informed Defendant that Plaintiff had retained an attorney to file bankruptcy and provided his attorney's contact information, but Defendant continued to call Plaintiff despite these repeated notices.

10. During one of these communications on or around May 4, 2009, Defendant spoke to Plaintiff in a harassing, oppressive, and/or abusive manner.

11. During this communication, Defendant called Plaintiff "stupid".

12. During this communication, Defendant falsely represented that Plaintiff would be prosecuted for defrauding a financial institution if Plaintiff did not satisfy the debt.

13. During this communication, Defendant falsely represented that Defendant intended to contact the Schiller Park police department if Plaintiff did not satisfy the debt.

14. During one of these communications on or around May 12, 2009, Plaintiff again notified Defendant that that Plaintiff was represented by a bankruptcy attorney and attempted to provide Plaintiff's attorney's contact information but Defendant refused to take this information and abruptly hung up the telephone.

15. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

16. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

17. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

18. Defendant violated 15 U.S.C. §1692c in that it communicated with Plaintiff notwithstanding Plaintiff's notice that Plaintiff was represented by an attorney.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. Defendant violated 15 U.S.C. §1692d in that Defendant used abusive language during its communications in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. Defendant violated 15 U.S.C. §1692e in that it falsely represented the character, amount, and/or legal status of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiff.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## **JURY DEMAND**

29. Plaintiff demands a trial by jury.

## **PRAYER FOR RELIEF**

30. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: s/Timothy J. Sostrin
  Timothy J. Sostrin
  Bar ID # 6290807
  233 S. Wacker
  Sears Tower, Suite 5150
  Chicago, IL 60606
  Telephone: 866-339-1156
  Email: tjs@legalhelpers.com
  Attorneys for Plaintiff

4